## ST. FRANCOIS COUNTY vs. POLLY MARKS.

1. The repeal of section 13, article 1—roads and highways, by the act of 1847, did not, by implication or otherwise, repeal sections 16, 17, 18 and 19 of the act of 1845, though seemingly dependant upon the 13th section. The only effect was to leave to the discretion and practice of the county courts, the time of receiving and acting upon remonstrances.

2. A county court, having received a remonstrance against the location of a county road, and appointed commissioners to assess damages, a majority of whom assessed damages in favor of the party remonstrating, cannot refuse to receive the report of the commissioners. The award must be complied with, or the case sent to a jury, as provided for in the 1st section of the amendatory act of January 25, 1847.

## ERROR to St. Francois Circuit Court.

BEAL, for plaintiff in error.

The circuit court committed error in sustaining the demurrer for the following reasons:

1. At the time the defendant presented her remonstrance there was no law giving to any one over whose land a county road may be located, damages for the passage of such road. The 13th section of the first article of the act concerning "roads and highways," statutes 1845, under which most of the proceedings were had, was repealed long before. Acts 1846 and '47—127, sec. 1, and by implication sects. 16, 17, 18 and 19 of the same article of the act of 1845, were also repealed at the same time. There being no right of way taken nor survey made, and the facility with which a county road may be changed or vacated, clearly show that the legislature designed to make the law for establishing county roads, so as to suit the wants and necessities of every community without subjecting the county to pay damages to all persons over whose land it might be necessary for such a road to pass. Stat. 1845, article 1, "roads and highways." This construction being correct the reports of both sets of commissioners and all orders of the court relative thereto are void. The doctrine that government has no right to take private property for public purposes, is not applicable.

2. But supposing the defendant in error to be entitled to have damages for the passage of a county road over her land under sections 16, 17, 18 and 19 of the first article of the act before referred to, then it is contended that she did not present her remonstrance in the time required by section 16. Under it she is required to present it at the next term (which was

St. Francois county vs. Marks.

May term,) after it was ascertained that the commissioners had worked out the proposed work, that being the term to which a summons issued under the 13th sec. would have been returnable. This she did not do by herself nor by her agent.

3. The county court has the power to reject a report of commissioners appointed to assess damages whenever it shall appear right and proper to do so. If it shall appear to the court that there is any thing wrong, fraudulent or improper in the report, it is the duty of the court to reject it, if it cannot be corrected. The defendant in error not being required to relinquish a right of way on the land, can acquire no right to damages until a proper report is made and received. The report of commissioners appointed to assess damages on a county road is not final and conclusive, regardless of errors.

4. The report of the second set of commissioners was properly rejected for the following reasons:

1st. The law requires all three commissioners to "review the proposed route" before the damages are assessed—a majority may report; the report shows that only *two* of them examined the lands of Polly Marks, through which the proposed route passed, and then, they assessed $70 00 damages to her. It does not appear that they ever saw the proposed route. This was not in compliance with the law, Stat. 1845, art. 1, sections 18, 19

2nd. The report does not show what kind of grievances were sustained by the defendant nor does it show, as it should, that the damages were sustained by reason of the road being opened and continued through the defendant's land.

3rd. The report is too vague. It should show over what particular land and how much thereof is taken by route.

4th. The damage is excessive. It appears by the answer which is admitted by the demurrer, that the tract of land through which the proposed road passed contained 62 38-100 acres. That Elisha Watkin, one of the bare majority who reported damages, was then the assessor of the county of St. Francois, and assessed the same tract of land before and after his report to the sum of $75 00. The assessment from the best construction that can be put upon these facts, is injustly excessive, and was therefore rightly rejected.

5th. The commissioners misconceived their duties.

## Johnson, for defendant.

1. The court did right in sustaining the demurrer to the answer of the county court. They showed no legal reason for not drawing their warrant on the county treasury for the sum assessed. The reviewers were sworn according to law, examined the lands through which the road ran and a majority reported $70 00 in favor of plaintiff. The law expressly permits a majority to assess the damages—"roads and highways," article 1, sections 18 and 19, p. 963. It was not necessary for the reviewers to show in their report all the reasons and considerations that operated on their minds in making up their opinion; they are simply required to report that they examined the land and at what sum they assess the plaintiff's damage, sect. 19. The right of the remonstrant to adequate compensation became a vested right so soon as the road was established and her right to a particular amount became complete so soon as the assessment was completed. Wilkerson vs. Buchanan county, 12 Mo. Report, 330 and the authorities there cited. The assessment of the reviewers is conclusive both on the remonstrant and the county. There is no provision in the law which provides in the case of county roads, as in some special acts on roads, that the county court may set aside the assessment of the reviewers and appoint others in their stead. The right of the remonstrant being vested to a particular sum so soon as the assessment was completed, the county court could not destroy that right by refusing to receive the report. A breach of their duty could not destroy our rights.

St. Francois county vs. Marks.

BIRCH, J., delivered the opinion of the court.

At the August term, 1847, of the St. Francois county court, commissioners were appointed in conformity with a pending petition, to locate a county road, at the succeeding February term they made their report, showing that the road they had located passed over lands belonging to the heirs of Davis S. Marks, deceased, and that George Marks, as their agent, made objection. A summons was accordingly issued and served upon him, to shew cause, at the ensuing May term, why the road should not be opened at that term, however, the commissioners were permitted to amend their report by adding the name of another person over whose land the road passed, and who also made objection.

Things appear to have remained in this condition until the third day of the August term ensuing, when an order was made by the court that the road be opened. On the day afterwards, Polly Marks, who it is admitted was the partitionee and owner of the land over which the road passes, presented her remonstrance against it, and the court appointed commissioners to ascertain and assess her damages. Two of the commissioners thus appointed having concurred in a report which they made at the November term, following, awarding to the remonstrant seventy dollars as compensation for the injury the road would occasion her, and the court refusing to receive or act upon the report, the remonstrant made herself plaintiff in a petition to the circuit court for a conditional mandamus, which was awarded.

The answer of the county court is to the effect, that at the time in question there was no law authorising the assessment of damages for lands taken for a county road, or that if there was, the objector did not present her remonstrance in time ; that the report of the commissioners was insufficient, because but two of them examined the lands and because it does not show what grievance was sustained, what particular land (or how much) was taken ; and because the commissioners misconceived their duties, and rendered excessive damages, &c.

The petitioner having demurred to this answer it was sustained, a peremptory mandamus awarded, and the cause is brought here at the instance of the county court.

The sections of the road law of 1845, under which the damages in this case were assessed were doubtless the following :

"Sec. 16. If any person through whose land such road may run, shall, on the day of the return of the summons or summonses executed, which are authorised to be issued by the 13th section of this act, pre-

sent a remonstrance to the court, setting forth his grievances, the court shall appoint three disinterested house holders, and a day and place for them to meet.

" Sec. 17.   Such house holders having had five days notice from any person interested, shall meet and take an oath or affirmation faithfully and impartially to discharge the duties assigned them.

" Sec. 18.   They shall then, or on any other day, prior to the next session of the county court, to which the majority may adjourn, proceed to review the proposed road and assess the damages, if any, which such objector will sustain by reason of such road being opened and continued through his land; and shall report their proceedings to the next county court.

" Sec. 19.   If a majority of such reviewers shall assess damages in favor of the objector, such damages and costs shall be paid out of the county treasury; but if the majority report that the objector will sustain no damages, such objector shall pay the costs."

Although the 13th section herein alluded to was repealed by the subsequent assembly of 1847, it is not deemed to follow, by implication or otherwise, that the sections we have quoted, however seemingly dependant upon it, were thereby also repealed.   Indeed, the only effect which the repeal of the 13th section is perceived to have upon the 16th, is to leave to the discretion, and consequently the practice of the court, the time when it will receive and act upon the remonstrance of an objecting citizen.   Were the county court under such circumstances to exercise such a discretion inequitably, captiously or oppressively in reference to a remonstrant, this court would of course feel called upon to review and correct the procedure,   In the case before us, however, the county court seems to have acted fairly, and within the spirit and intention of the law, in the appointment of commissioners, and at all events cannot be heard to complain of its own act.   It was therefore the duty of that tribunal to receive the report of the commissioners, and either comply with their award or send the case to a jury as provided for in the first section of the amendatory act of January 25th, 1847.   The provisions of that section having evident relation to the provisions of the 19th instead of the 20th section of the first article of the general law of 1845.

Having neglected to do this, and the language of the last section which we have above quoted being as imperative as the high constitutional guaranty it was intended to enforce, the circuit court did right in sustaining the demurrer to the repliants answer, and awarding a peremptory mandamus.   Its judgment is therefore affirmed.